**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:02-CR-5197 OWW |
| | ) | |
| | ) | RE: PETITION TO RECONSIDER |
| Respondent, | ) | SENTENCE |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE DOLORES MENDEZ | ) | |
| | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |
| _____ | ) | |

## I. <u>INTRODUCTION</u>

Petitioner Jose Dolores Mendez ("Petitioner"), proceeding pro se, requests reconsideration of his fifteen (15) month prison sentence. Specifically, Petitioner requests that his federal sentence be made to run concurrent with, rather than consecutive to, a sentence imposed by the State of California. Doc. 92, filed Jan. 27, 2004. The United States ("Government") opposes this petition. Doc. 93, filed Feb. 9, 2004.

## II. <u>BACKGROUND</u>

On October 6, 2003, Petitioner pled guilty to one count of conspiracy to possess stolen mail. Doc. 89. Under the terms of his plea agreement, Petitioner agreed to waive his rights to

1

1  "contest his plea, conviction and sentence in any post-
2  conviction proceeding, including but not limited to a proceeding
3  under 28 U.S.C. § 2255."  Doc. 87, filed Sept. 19, 2003.  On
4  December 17, 2003, the district court sentenced Petitioner to
5  fifteen (15) months imprisonment for conspiracy to possess stolen
6  mail, 18 U.S.C. § 371.  Doc. 91.  At the time of his federal
7  sentencing, Petitioner was already serving a 32 month sentence on
8  unrelated state controlled substance charges.

9  On December 23, 2004, Petitioner sent a letter to the
10 district court asserting that his attorney "neglected to inform
11 the court that [he] is currently serving a 32 month sentence for
12 the State of California."  See letter attached to Doc. 92.  The
13 district court ordered all parties to respond to the letter.
14 Doc. 92, filed Jan. 27, 2004.  On February 3, 2004, Petitioner's
15 counsel submitted a letter to the court stating that he could
16 find no "notes or records to indicate that the Court ruled on
17 this specific point."  The United States responded on February 9,
18 2004, arguing that this court had no jurisdiction to consider the
19 matter.  Doc. 93.

20 On January 25, 2005, Petitioner was released from state
21 custody and transferred to FCI Terminal Island, where he is
22 currently serving his federal sentence.  Doc. 96, filed Feb. 7,
23 2005.

### III. **ANALYSIS**

26 Absent any waiver, a criminal defendant may challenge his
27 sentence in a number of ways.  For example, Federal Rule of
28 Criminal Procedure 35(a) provides that "within 7 days after

sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The court may act upon a party's motion or sua sponte, but must do so within the seven day window. *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997). After seven days has passed, the district court loses jurisdiction under Rule 35 to alter the sentence. *See United States v. Penna*, 319 F.3d 509, 510 (9th Cir. 2003).

Alternatively, a criminal defendant may challenge his sentence under 28 U.S.C. § 2255, by claiming "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *Id.*

Here, however, Petitioner waived his right to challenge his plea or sentence before the district court. Petitioner's plea agreement states, in relevant part, that:

> 3. <u>Agreements by Defendant</u>.
>
> (d) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea and conviction. This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea of conviction on any ground, including any appeal right conferred by 18 U.S.C. § 3741, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal his sentence.
>
> 7. <u>Waiver of Rights</u>.
>
> The defendant understands that by pleading guilty he surrenders certain rights, including the following:
> (a) ...the right to a public and speedy trial....

3

>    9.  Entire Agreement.
>
>    This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from any one as to what sentence this Court will impose.

Doc. 87 at 3, 8, 10. Petitioner's plea-bargain agreement was signed by him, his attorney, James A. Homola, and Assistant U.S. Attorneys Jonathan B. Conklin and Stanley A. Boone. *Id*. at 11.

"[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." *United States v. DeSantiago-Martinez*, 38 F.3d 394, 395 (9th Cir. 1992). "[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." *Id.* at 395. As long as the sentence imposed is in accordance with the plea agreement, the waiver of the right to appeal is enforceable. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994). Defendant bears the burden of showing that the waiver was not knowing and voluntary. *See id*.

Petitioner reserved and did not waive his right to appeal his sentence, but the time for the filing of such an appeal has long since past. *See* Fed. R. App. Pro. 4(b)(1)(A).

Critically, however, construing pro se Petitioner's December 23, 2003 letter liberally, he arguably raises an ineffective assistance of counsel claim. Petitioner suggests that "[his] attorney neglected to inform the court that [he was] currently serving a 32 month sentence for the State of California" at the time of his federal sentencing. Petitioner's waiver of the right

to challenge his sentence would not extend to claims of ineffective assistance of counsel brought under 28 U.S.C. § 2255. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Again, construing Petitioner's letter liberally, the court will treat it as a petition for relief under § 2255.[1]

    A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's actions were outside the wide range of professionally competent assistance, and (2) that defendant was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984). To warrant relief under *Strickland*, counsel's performance must have fallen below an "objective standard of reasonableness." *Id.* at 688. Petitioner must demonstrate a "'reasonable probability' that, but for his counsel's ineffectiveness, the result of his proceedings would have differed." *Riggs v. Fairman*, 399 F.3d 1179, 1182 (9th Cir. 2005). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669.

    Under the circumstances of this case, defense counsel's failure to bring Petitioner's state sentence to the attention of the sentencing court could constitute ineffective assistance of counsel under *Strickland*. United States Sentencing Guideline § 5G1.3(c) permits the sentencing court to run a federal sentence

---

[1] Petitioner filed this letter within seven days of the oral pronouncement of his sentence, well within the one year statute of limitations associated with motions under § 2255. His letter also arguably satisfies the requirements that he previously applied for relief to the sentencing court. Such relief was, in effect, denied when the seven day window for corrections under Rule 35 was allowed to lapse.

"concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Under applicable Ninth Circuit precedent, a district court can commit plain error if it fails to address U.S.S.G § 5G1.3(c) (i.e., the issue of whether the federal sentence is to run concurrent or consecutive with a prior state sentence). *United States v. Chea*, 231 F.3d 531 (9th Cir. 2000).

Given Petitioner's extensive criminal history and seriousness of his federal crime, a consecutive sentence appears to be the most appropriate punishment. However, the matter of Petitioner's state sentence appears not to have been considered as is required under Chea.

In light of Petitioner's express reservation of the right to appeal his sentence, the district court does not have jurisdiction over this matter unless Petitioner establishes that his counsel provided ineffective assistance. At present, there is not enough evidence in the record to rule on this question.

Accordingly all parties, including Petitioner's counsel at the time of sentencing, shall submit declarations concerning the issue of a concurrent sentence by Monday June 27, 2005. A hearing will be held on the matter on July 12, 2005 at 10:00 a.m. in Courtroom 2.

SO ORDERED.

Dated: June 14, 2005

                                          /s/ OLIVER W. WANGER

                                          _____

                                              Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE