**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:02-CR-5197 OWW |
| | ) | |
| | ) | RE: PETITION TO RECONSIDER |
| Respondent, | ) | SENTENCE |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE DOLORES MENDEZ | ) | |
| | ) | |
| Petitioner. | ) | |
| _____ | ) | |

## I. INTRODUCTION

Petitioner Jose Dolores Mendez ("Petitioner"), proceeding pro se, requests reconsideration of his fifteen (15) month prison sentence. Specifically, Petitioner requests that his federal sentence be made to run concurrent with, rather than consecutive to, a sentence imposed by the State of California. Doc. 92, filed Jan. 27, 2004. The United States ("Government") opposes this petition. Doc. 93, filed Feb. 9, 2004.

## II. BACKGROUND

On October 6, 2003, Petitioner pled guilty to one count of conspiracy to possess stolen mail. Doc. 89. Under the terms of his plea agreement, Petitioner agreed to waive his rights to

1

1   "contest his plea, conviction and sentence in any post-
2   conviction proceeding, including but not limited to a proceeding
3   under 28 U.S.C. § 2255."  Doc. 87, filed Sept. 19, 2003.  On
4   December 17, 2003, the district court sentenced Petitioner to
5   fifteen (15) months imprisonment for conspiracy to possess stolen
6   mail, 18 U.S.C. § 371.  Doc. 91.  At the time of his federal
7   sentencing, Petitioner was already serving a 32 month sentence on
8   unrelated state controlled substance charges.

9   On December 23, 2004, Petitioner sent a letter to the
10  district court asserting that his attorney "neglected to inform
11  the court that [he] is currently serving a 32 month sentence for
12  the State of California."  See letter attached to Doc. 92.  The
13  district court ordered all parties to respond to the letter.
14  Doc. 92, filed Jan. 27, 2004.  On February 3, 2004, Petitioner's
15  counsel submitted a letter to the court stating that he could
16  find no "notes or records to indicate that the Court ruled on
17  this specific point."  The United States responded on February 9,
18  2004, arguing that this court had no jurisdiction to consider the
19  matter.  Doc. 93.

20  On January 25, 2005, Petitioner was released from state
21  custody and transferred to FCI Terminal Island, where he is
22  currently serving his federal sentence.  Doc. 96, filed Feb. 7,
23  2005.

24  On June 14, 2005, the district court, construing
25  Petitioner's December 23, 2004 letter as a petition for habeas
26  corpus based on ineffective assistance of counsel, ordered the
27  parties to submit supplemental information concerning the
28  imposition of a concurrent sentence.  Doc. 98  Specifically, the

district court noted that "defense counsel's failure to bring Petitioner's state sentence to the attention of the sentencing court could constitute ineffective assistance of counsel under Strickland." I. at 5.

James R. Homola, Esq., the attorney who represented Petitioner during the underlying criminal prosecution, filed a supplemental declaration on June 23, 2005. Doc. 101. Mr. Homola states in his declaration that

> a conscious decision was made not to object to the recommendations [in the PSR] because it was noted that the PSR did not apply certain enhancements and increases which had been expected to place him in a less favorable Criminal History Category and increase his offense level.

*Id*. at ¶4. Although Mr. Homola has no recollection of making a specific request for a concurrent sentence in this case, he "believe[s] that this was an intentional decision, based on the improbability that concurrent sentences would be imposed, balanced against the perceived risk of inviting reexamination of the calculations of Criminal History and Offense level." *Id*. at ¶5.

The government also filed a supplemental brief in response to the district court's June 14 order, which provided legal authority but no additional evidence to supplement the record. Doc. 102, filed June 27, 2005.

### III. ANALYSIS

**A.   Waiver of right to trial by jury and post-conviction reconsideration.**

Absent any waiver, a criminal defendant may challenge his sentence in a number of ways. For example, Federal Rule of

3

Criminal Procedure 35(a) provides that "within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  The court may act upon a party's motion or sua sponte, but must do so within the seven day window.  *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997).  After seven days has passed, the district court loses jurisdiction under Rule 35 to alter the sentence. *See United States v. Penna*, 319 F.3d 509, 510 (9th Cir. 2003).

Alternatively, a criminal defendant may challenge his sentence under 28 U.S.C. § 2255, by claiming "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." *Id.*

Here, however, Petitioner waived his right to challenge his plea or sentence before the district court.  Petitioner's plea agreement states, in relevant part, that:

> 3. <u>Agreements by Defendant</u>.
>
> (d) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea and conviction.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea of conviction on any ground, including any appeal right conferred by 18 U.S.C. § 3741, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal his sentence.
>
> 7. <u>Waiver of Rights</u>.
>
> The defendant understands that by pleading guilty he surrenders certain rights, including the following:
> (a) ...the right to a public and speedy trial....

> 9. <u>Entire Agreement</u>.
>
> This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from any one as to what sentence this Court will impose.

Doc. 87 at 3, 8, 10. Petitioner's plea-bargain agreement was signed by him, his attorney, James A. Homola, and Assistant U.S. Attorneys Jonathan B. Conklin and Stanley A. Boone. *Id*. at 11.

"[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made." *United States v. DeSantiago-Martinez*, 38 F.3d 394, 395 (9th Cir. 1992). "[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid; rather, a finding that the waiver is knowing and voluntary is sufficient." *Id.* at 395. As long as the sentence imposed is in accordance with the plea agreement, the waiver of the right to appeal is enforceable. *See United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994). Defendant bears the burden of showing that the waiver was not knowing and voluntary. *See id*.

**B.  Expiration of the time to appeal.**

Petitioner reserved and did not waive his right to appeal his sentence, but the time for the filing of such an appeal has long since past. *See* Fed. R. App. Pro. 4(b)(1)(A).

**C.  Implied ineffective assistance of counsel claim.**

Critically, however, construing pro se Petitioner's December

23, 2003 letter liberally, he arguably raises an ineffective assistance of counsel claim. Petitioner suggests that "[his] attorney neglected to inform the court that [he was] currently serving a 32 month sentence for the State of California" at the time of his federal sentencing. Petitioner's waiver of the right to challenge his sentence would not extend to claims of ineffective assistance of counsel brought under 28 U.S.C. § 2255. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Again, construing Petitioner's letter liberally, the court will treat it as a petition for relief under § 2255.[1]

A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's actions were outside the wide range of professionally competent assistance, and (2) that defendant was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984). To warrant relief under *Strickland*, counsel's performance must have fallen below an "objective standard of reasonableness." *Id*. at 688. Petitioner must demonstrate a "reasonable probability that, but for his counsel's ineffectiveness, the result of his proceedings would have differed." *Riggs v. Fairman*, 399 F.3d 1179, 1182 (9th Cir. 2005). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669.

---

[1] Petitioner filed this letter within seven days of the oral pronouncement of his sentence, well within the one year statute of limitations associated with motions under § 2255. His letter also arguably satisfies the requirements that he previously applied for relief to the sentencing court. Such relief was, in effect, denied when the seven day window for corrections under Rule 35 was allowed to lapse.

A defense counsel's failure to bring Petitioner's state sentence to the attention of the sentencing court could constitute ineffective assistance of counsel under *Strickland*. United States Sentencing Guideline § 5G1.3(c) permits the sentencing court to run a federal sentence "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Under applicable Ninth Circuit precedent, a district court can commit plain error if it fails to address U.S.S.G § 5G1.3(c) (i.e., the issue of whether the federal sentence is to run concurrent or consecutive with a prior state sentence). *United States v. Chea*, 231 F.3d 531 (9th Cir. 2000).

However, "[j]udicial scrutiny of counsel's performance must be highly deferential and strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1243-44 (9th Cir. 2005). According to Mr. Homola's declaration, he and Petitioner made a conscious legal decision not to challenge the recommended sentence contained in the PSR because it did not apply certain expected enhancements and increases. Although Mr. Homola does not recall (either way) whether he made a request for concurrent sentences, he "believe[s] that this was an intentional decision, based on the improbability that concurrent sentences would be imposed, balanced against the perceived risk of inviting reexamination of the calculations of Criminal History and Offense Level." Doc. 101 at ¶6. Mr. Homola's representations, which have not been

**7**

called into question, satisfy an "objective standard of reasonableness."

Moreover, even if Mr. Homola's failure to request concurrent sentences was the result of deficient performance, Petitioner has not established that this failure caused him any prejudice. Defendant has a substantial criminal history.[2] The instant offense involved a conspiracy to possess stolen mail, specifically the theft of financial documents and credit card numbers belonging to numerous individual victims. Petitioner was previously convicted in 1994 of carrying a loaded firearm, for which he received a sentenced of 36 months probation, one day in jail, and a fine. PSR at 15. His probation was subsequently

---

[2] In addition, according to the government:

> The probation officer contemplated recommending an upward departure, but instead chose to recommend a sentence at the top of the applicable range. The government, in what may fairly be described as a very generous offer, agreed to recommend a sentence at the bottom of that range. The court followed that recommendation.
>
> The potential for a sentence greater than 15 months (as recommended by the government), let alone 21 months (that recommended by the PSR), clearly existed in this case. Such sentence would have been reasonable given the defendant's criminal history and the aggravating facts of this case. If the court would have departed by just twelve month, the defendant would be facing a potential sentence of 33 months (21 + 12). Such sentence, even if ordered to run concurrent, would have resulted in a sentence greater than the consecutive 15 month sentence ultimately imposed.

Doc. 102, at 5-6.

revoked and he was jailed for ten days. *Id.* In 1995, Petitioner was convicted of making terrorist threats and was sentenced to one year in jail and 36 months probation. PSR at 15-16. In 2003, he was convicted of possessing a controlled substance for sale, for which he was sentenced to 32 months imprisonment. PSR at 16. He was serving this state sentence at the time he was sentenced by the district court.

Although the district court has the discretion to impose a either a concurrent or consecutive sentence, a consecutive sentence is most appropriate under the circumstances. U.S.S.G. § 5G1.3(c). According to the Sentencing Commission's Commentary to § 5G1.3, the court should be cognizant of the following:

> (a) the type (e.g., determinate, indeterminate/parolable) and length of the prior undischarged sentence;
> (b) the time served on the undischarged sentence and the time likely to be served before release;
> (c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and
> (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

Here, Petitioner was sentenced to a 32-month term of imprisonment on his state conviction. He was admitted to an institution of the California Department of Corrections on July 1, 2003. Petitioner was released from state custody on January 25, 2005.

Given the 15-month sentence that was imposed for his federal conviction, 85% of which should be served **[why? the parties don't explain this],** petitioner is due to be released from federal custody in early February 2006.

The government points out that, had Petitioner's federal sentence, imposed on December 17, 2003, been run concurrent with his state sentence, it would have been completely subsumed within his state term of imprisonment.  The government aptly notes that "such result would completely fail to account for the criminal sentence, and criminal conduct, related to the federal case, which is based on separate criminal conduct."  *Id*. at 8.

Petitioner has failed to establish the requisite elements of an ineffective assistance of counsel claim.  Accordingly, his request to have his federal sentence run concurrent with his state sentence, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2255, must be **DENIED.**

**SO ORDERED.**
**Dated: August 8, 2005**

                                        **/s/ OLIVER W. WANGER**
                                        _____
                                              **Oliver W. Wanger**
                                        **UNITED STATES DISTRICT JUDGE**